**STATE of Iowa, Appellee,**

v.

**Patricia Lynn BASH, Appellant.**

No. 01–1749.

Supreme Court of Iowa.

Oct. 8, 2003.

Linda Del Gallo, State Appellate Defender, and Nan Jennisch, Assistant State Appellate Defender, Kami M. Lang, student intern, for appellant.

Thomas J. Miller, Attorney General, and Cristen Odell, Assistant Attorney General, for appellee.

LAVORATO, Chief Justice.

Patricia Bash appealed from her conviction and sentence for possession of marijuana. She contended among other things that the district court erred in finding there was sufficient evidence to support her conviction of the charge. We transferred the case to the court of appeals, which affirmed. We granted the defendant's application for further review and now hold that there was insufficient evidence to support the conviction. Accordingly, we vacate the court of appeals decision, reverse the judgment of the district court, and remand the case for dismissal.

## I. Background Facts and Proceedings.

On January 17, 2001, six Spirit Lake police officers executed a search warrant at an apartment shared by the defendant, her husband Kevin, and her three sons. The search warrant indicated that the officers were looking for, among other things, controlled substances and a safety deposit box.

The defendant, her husband, and their son Ty were home at the time the officers entered the apartment. The officers immediately arrested Kevin on an outstanding warrant and removed him from the residence.

One of the officers read the search warrant to the defendant whereupon, according to the officer, the defendant said she could "show [him] where the stuff is." The officer testified that he believed the defendant was referring to "[a]ny illegal drugs or contraband that may be in the residence." After reading the defendant her *Miranda* rights, the officer followed the defendant into the master bedroom and she told him, "it's on his nightstand in a cardboard box, that it's Kevin's stuff, that his bong ... was sitting on the floor next to the bed."

The defendant's version was somewhat different from the officer's testimony. She testified she heard officers talking about a lock box they were looking for in the residence. When officers asked her if there was "anything in the house they should know about," she responded, "If there is anything here, it would be on Kevin's side of the bed." She pointed towards his nightstand which was on the left side of the bed. The officer then arrested her and read her *Miranda* rights to her.

On Kevin's nightstand the officers found a cardboard box bearing the word "Friscos." Inside the box, they found a green plant material later identified as 1.37 grams of marijuana. The defendant testified she did not know what was in the box

until after the officers opened it. However, she admitted that she knew there had been marijuana in the house, in the box, in the past.

The defendant also directed the officers to the lock box, which contained a marriage certificate, birth certificates, insurance papers, and the key to the box.

The State charged the defendant with possession of a controlled substance (marijuana), in violation of Iowa Code section 124.401(5) (Supp.1999). Later, the defendant moved to dismiss, contending the State would be unable to prove she exercised dominion and control over the controlled substance based on our decision in *State v. Atkinson,* 620 N.W.2d 1 (Iowa 2000). Following the State's resistance, the district court denied the defendant's motion.

The parties tried the case to a jury. At the close of the State's case and again at the close of all the evidence, the defendant moved for judgment of acquittal, contending, as she did in her motion to dismiss, that the State had failed to prove she had dominion and control over the marijuana. The district court denied the motion for judgment of acquittal following which the jury found the defendant guilty as charged. Later, the district court denied the defendant's motion in arrest of judgment and motion for new trial.

The district court sentenced the defendant to a thirty-day suspended sentence with credit for time served and imposed a $250 fine and a $75 surcharge.

Following the defendant's appeal, we transferred the case to the court of appeals, which affirmed. We granted the defendant's application for further review.

## II. Issue.

Among other things, the defendant contends the district court erred in finding there was sufficient evidence to support her conviction for possession of a controlled substance. Because we find this issue dispositive, we confine our discussion to it.

## III. Scope of Review.

Recently, we explained the scope of review for challenges to the sufficiency of the evidence supporting a guilty verdict:

We review challenges to the sufficiency of the evidence supporting a guilty verdict for correction of errors at law. We will uphold a verdict if substantial record evidence supports it. Evidence is substantial if it would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt.

We review the evidence in the light most favorable to the State, including legitimate inferences and presumptions that may fairly and reasonably be deduced from the evidence in the record, not just the evidence that supports the verdict.

The State must prove every fact necessary to constitute the crime with which the defendant is charged. The evidence must raise a fair inference of guilt and do more than create speculation, suspicion, or conjecture.

*State v. Webb,* 648 N.W.2d 72, 75–76 (Iowa 2002) (citations omitted).

## IV. Sufficiency of the Evidence.

 Unlawful possession of a controlled substance requires proof that the defendant: (1) exercised dominion and control over the contraband, (2) had knowledge of its presence, and (3) had knowledge that the material was a controlled substance. *State v. Reeves,* 209 N.W.2d 18, 21 (Iowa 1973). Proof of opportunity of access to the place where contraband is found will not, without more, support a finding of unlawful possession. *Id.* at 22.

In her motion for judgment of acquittal, the defendant argued:

> We know from the *State v. Atkinson* case and other cases of a similar nature on constructive possession that mere proximity to contraband is insufficient to meet the State's burden.
>
> . . . .
>
> Here, the facts are very similar [to those in *Atkinson*]. We have the premises shared by these two people, the married persons, and contraband found in that location. It is undisputed that it was Kevin Bash that was the target of their investigation, undisputed that these were Kevin Bash's effects, not [the defendant's] effects, wherein the contraband was found.
>
> There is no evidence that the State has brought forward to show that my client had any dominion or control, any ownership or proprietary interest in the contraband that was found, and we cannot infer that dominion and control where the defendant is not in the exclusive possession of the premises. These were premises shared by her and her husband. And the State then has to come forward with some evidence that shows that she had that dominion and control. They have not provided any evidence of the dominion and control element as required.

As in the district court, the defendant's sufficiency-of-the-evidence challenge here is to the first element of the crime charged: dominion and control. Possession can be either actual or constructive. *State v. Maghee*, 573 N.W.2d 1, 10 (Iowa 1997). Actual possession occurs when the controlled substance is found on the defendant's person. *Atkinson*, 620 N.W.2d at 3. Constructive possession occurs when the defendant has knowledge of the presence of the controlled substance and has the authority or right to maintain control of it. *Webb*, 648 N.W.2d at 81. It is undisputed here that the defendant did not have actual possession of the marijuana because the officers did not find the controlled substance on her person. We are left with whether the defendant had constructive possession.

At the time of this incident, it is undisputed that the premises were shared by the defendant, her husband, and their children. Under these circumstances, knowledge of the presence of the marijuana and the authority or right to maintain control of it, that is, constructive possession, could not be inferred by the jury from the defendant's joint control of the premises, but had to be established by other proof. *Webb*, 648 N.W.2d at 79. Such proof could include incriminating statements made by the defendant, incriminating actions of the defendant upon the police's discovery of the controlled substance among or near the defendant's personal belongings, the defendant's fingerprints on the packages containing the controlled substance, and any other circumstances linking the defendant to the controlled substance. *Id.*

In her motion for judgment of acquittal, the defendant's sufficiency-of-the-evidence challenge did not include her lack of knowledge of the presence of the marijuana. Rather, as her argument on the motion indicates, such challenge only included the authority or right to maintain control of the marijuana. On this point, the State relies heavily on the following testimony from the defendant:

Q. Now, could you have—was there any legal reason that would prevent you from taking that box and disposing of it? A. It wasn't mine.

Q. I understand that. But is there—it's proper that you generally regard it as your husband's? A. Correct.

Q. But you shared that apartment with him? A. Correct.

Q. Now, is there any legal reason why you could not have picked up that box and taken it and removed it from the house. A. It was not mine.

Q. . . . Could you have taken the contents of that box and flushed it down the toilet? A. No. It was not mine.

Q. Okay. Physically, would you have been able to do that? A. Physically, yes.

The State argues that the defendant's admission that she could physically have flushed the marijuana down the toilet is proof that she had the authority or right to maintain control of the marijuana. This position is at odds with what we said in *Atkinson*:

> While it seems anomalous to look at a defendant's "right" to control illegal drugs in order to establish possession, that concept basically distinguishes a defendant's *raw physical ability* to exercise control over contraband simply because of the defendant's proximity to it and the type of rights that can be considered constructive possession.

*Atkinson*, 620 N.W.2d at 5 (emphasis added).

■ Thus, the authority or right to maintain control includes something more than the "raw physical ability" to exercise control over the controlled substance. The defendant must have some proprietary interest or an immediate right to control or reduce the controlled substance to the defendant's possession. *See id.* No such proof was produced here. The State seems to concede, as it must, that the box containing marijuana was located on the husband's side of the bed with his personal effects. Additionally, there was no evidence that the defendant shared any ownership of the box or the marijuana in it or had any right to control either item.

Accordingly, we conclude the State failed to prove the defendant had dominion and control over the marijuana and thus failed to prove constructive possession of it. We therefore vacate the court of appeals decision, reverse the judgment of the district court, and remand the case for dismissal.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED WITH DIRECTIONS.**

All justices concur except CADY, J., who dissents.

CADY, J. (dissenting).

I respectfully dissent. With each constructive possession case since *State v. McDowell*, 622 N.W.2d 305 (Iowa 2001), I have grown increasingly concerned that we have essentially transformed the absence of a judicial inference of possession into a legal standard and, in the process, created an erroneous, unfair, and unworkable test for assessing the sufficiency of evidence to support a finding of constructive possession of a controlled substance. This case now convinces me that we have done so, and causes me to depart from the majority.

*State v. Reeves* is our seminal case in the area of constructive possession of illegal contraband. 209 N.W.2d 18. In *Reeves*, we said constructive possession "occurs when the accused maintains control or a right to control the narcotic." *Id.* at 22. We then specifically recognized that constructive possession may be inferred "when the contraband is found in a place which is immediately and exclusively accessible to the accused and subject to" the dominion and control of the accused or the

"joint dominion and control of the accused and another." *Id.* We emphasized that when illegal drugs are found "in the exclusive possession of the accused," knowledge is inferred and no further proof of knowledge is required to be produced by the state. *Id.* at 23. On the other hand, when the accused is in joint possession of the premises or area where the drugs are found, knowledge is not inferred, "but must be established by proof." *Id.* Finally, we said this proof might come from evidence showing knowledge, incriminating statements, or circumstances from which a jury may infer knowledge. *Id.*

Despite some of our cases that followed, *Reeves* remains our polestar in constructive possession cases. However, in our persistent vigilance to protect innocent bystanders from being convicted of a drug possession charge simply because they were in the wrong place at the wrong time, we have lost contact with those principles that guide our jury process and we have established legal requirements to support a possession conviction unknown in other areas of the law. *See State v. Simpson,* 528 N.W.2d 627, 636 (Iowa 1995) (Ternus, J., dissenting) (While "[w]e want to convict persons guilty of drug offenses even though they are not caught 'red handed' with the drugs on their person" we want also "to protect innocent bystanders from being convicted for drug offenses merely because they were in the wrong place at the wrong time." (Citations omitted.)).

In recent years, we have, perhaps not musingly, elevated the judicially created inference discussed in *Reeves* into a legal standard for determining the sufficiency of evidence. Consequently, if the facts of a constructive possession case do not fit the *Reeves* judicial inference, we do not permit the fact finder to draw its own inferences based on its own mental processes and experiences from all the evidence in the case. Instead, we insist upon some form of direct or concrete evidence of possession such as incriminating statements, incriminating actions, or fingerprints and—with this case—an *additional* legal requirement that a possessor maintain a proprietary interest or rights in the contraband.

The majority acknowledges, as do our recent cases, that the lack of evidence to support a judicial inference of constructive possession in a drug possession case only means the state must produce other evidence of constructive possession. *See State v. Cashen,* 666 N.W.2d 566, 571 (Iowa 2003). Yet, the majority has applied this principle to preclude the fact finder from drawing rational inferences from the other evidence in the case. A similar application was made in *Cashen,* where we said evidence that the defendant knew marijuana was in the car, knew it belonged to his girlfriend (so as to make it more likely he had access to it or the ability to control it), possessed rolling papers and a lighter on his person, and was sitting in the immediate area where a baggie of marijuana was found in the car, was insufficient as a matter of law to support a jury verdict of constructive possession. *Id.* at 571–73. Instead, we concluded the "only fact relevant" to show "control and dominion" was "proximity to the marijuana," but "possession cannot rest on mere proximity." *Id.* at 572. The other evidence in the case was irrelevant, apparently, because it was only circumstantial and did not fit within the judicial inference.

The error we have committed since *McDowell* can be traced to our failure to distinguish standardized court-created inferences based on prior judicial decisions finding proof of one fact to be sufficient to infer proof of an element of the crime from those common rational inferences from evidence used by fact finders in every case based on their mental processes and expe-

riences. The lack of a judicially created inference in a case does not prohibit the jury from drawing inferences from other facts. It has always been a jury function in our system of jurisprudence to determine the reasonable inferences to be drawn from the evidence. *See Newell v. Newell's Estate,* 198 Iowa 710, 720–21, 200 N.W. 238, 242 (1924). Additionally, the law does not give greater importance to direct evidence as opposed to circumstantial evidence. Yet, in this particular area of the law and in this area only, we have taken from the fact finder the ability to use its own judgment to draw inferences of constructive possession from evidence in the case.

Instead of allowing the jury to draw inferences and reach conclusions from the evidence, the majority, to compound matters, now finds it necessary to introduce a new rule of limitation. This new rule requires an accused to have "some proprietary interest ... or an immediate right to control or reduce the controlled substance to the defendant's possession" in those cases where the illegal drug is not exclusively and immediately accessible to the defendant. This standard has little relationship to the original judicial inference from which it was derived. Constructive possession is not about proprietary interest in property, but control. The effect of this rule is to prevent a jury from weighing and considering all of the evidence in the case, as the fact finder is permitted to do in all other cases, to draw reasonable and rational inferences of possession.

I could perhaps agree with the majority that constructive possession was not established in this case based on the mere fact that the box of marijuana and the bong was found near the husband's side of the bed in the bedroom the defendant shared with her husband. This alone may not amount to substantial evidence of control or the right to maintain control of the marijuana. However, instead of deciding the case on the evidence, the majority injects a new legal standard that in most cases will severely limit the concept of constructive possession.

Our law in this area has created murky jurisprudence. We should treat constructive possession cases like any other criminal case, and permit the jury to separate the innocent bystander from the guilty perpetrator under the same standards used in other criminal cases.