**IN THE COURT OF APPEALS OF IOWA**

No. 14-1023
Filed August 5, 2015

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**AMY ERIN BOOTH,**
       Defendant-Appellant.

_____

       Appeal from the Iowa District Court for Washington County, Annette J.

Scieszinski, Judge.


       Amy Erin Booth appeals her conviction for possession of

pseudoephedrine with the intent it be used to manufacture methamphetamine.

**AFFIRMED.**



       Christopher J. Foster of Foster Law Office, Iowa City, for appellant.

       Thomas J. Miller, Attorney General, Kevin R. Cmelik and Kyle P. Hanson,

Assistant Attorneys General, and Larry J. Brock, County Attorney, for appellee.



       Considered by Tabor, P.J., McDonald, J., and Miller, S.J.*

       *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MILLER, S.J.**

Amy Erin Booth appeals her conviction following a jury's verdict finding her guilty of possessing pseudoephedrine with the intent it be used to manufacture methamphetamine, in violation of Iowa Code section 124.401(4)(b) (2013). She claims there was not sufficient evidence to prove she had the specific intent required for the conviction. We find there is sufficient evidence to convict. Accordingly, we affirm.

## I. Background Facts and Proceedings

The Washington-Louisa Drug Task Force was investigating Mike Miller and Jeff Marie for the manufacture of methamphetamine (meth). During the investigation, Deputy Eric Weber (a member of the Washington-Louisa Drug Task Force) received information Booth was providing pseudoephedrine, a base ingredient of meth, to Miller and Marie. The "drug logs" kept at a local pharmacy indicated Booth had purchased six boxes, 576 pills, of pseudoephedrine from September 16, 2012 through February 26, 2013.

In March 2013, the task force executed a search warrant where Miller and Marie lived, and they discovered a large meth lab. Investigators found, among other items involved in the production of meth, boxes of pseudoephedrine pills identical to those purchased by Booth. Investigators also seized Marie's cell phone during the search of the building and retrieved texts sent from Booth to Marie but were not able to retrieve any sent from Marie to Booth. The text messages retrieved from Booth's phone stated, among many other similar messages: "Will u smk w me," "Feel like numbing my brain," "Do you have any

shit," "It would be cool if u had white," and "Do you have a quarter i can buy hun" followed by "Not even w a box."

Booth was charged with possession of pseudoephedrine with the intent it be used to manufacture methamphetamine by trial information in early August 2013. Booth was tried March 25, 2014. At trial, a pharmacist testified this amount of pseudoephedrine was not "medically necessary" as "under the correct directions she would not need to take that quantity of pills in that time period." Deputy Weber testified, while relying on his Drug Task Force Training, that it is common in these types of "meth rings" to have both the meth "cooks" and users purchase pseudoephedrine in order to obtain a constant supply for continuous manufacture. Weber also testified the texts in Booth's phone contained references to purchasing and using meth. Weber noted the texts referenced Booth's desire to buy meth with money or a box of pseudoephedrine.

The jury returned a verdict finding Booth guilty, and she was sentenced to a suspended sentence of five years. She now appeals.

## II. Standard of Review

We review challenges to the sufficiency of the evidence for errors at law. *State v. Bash*, 670 N.W.2d 135, 137 (Iowa 2003). We will uphold a verdict if substantial evidence supports it. *Id.* Evidence is considered substantial if it would convince a rational fact finder the defendant is guilty beyond a reasonable doubt. *Id.* We review the evidence, including legitimate inferences and presumptions that may fairly be deduced from the evidence, in the light most favorable to the State. *Id.* In doing so, we consider all the evidence, not just the

evidence that supports the verdict. *Id.* The State has the burden to prove every fact necessary to constitute the crime with which the defendant is charged. *Id.* The evidence presented must raise a fair inference of guilt and do more than create speculation, suspicion, or conjecture. *Id.*

## III. Analysis

Booth claims there was not sufficient evidence to prove she had specific intent for the pseudoephedrine she purchased to be used in the manufacture of meth. Reviewing the evidence in the light most favorable to the State, we find a reasonable juror could conclude, beyond a reasonable doubt, Booth had the requisite specific intent. The charge against Booth required proof of only two elements: first, between September 16, 2012 and February 26, 2013, in Washington County, Iowa, Booth knowingly possessed pseudoephedrine; and second, that she had the specific intent the pseudoephedrine be used to manufacture methamphetamine. *See* Iowa Code §§ 124.401(4)(b) (providing that possession of pseudoephedrine with intent it be used to manufacture any controlled substance is a class "D" felony); 124.101(5) (defining a "controlled substance" as including a drug listed in schedules I thru V of division II of chapter 124); 124.206(4)(b) (listing methamphetamine as a schedule II drug). The jury received instructions defining specific intent as:

> "Specific intent" means not only being aware of doing an act and doing it voluntarily, but in addition, doing with a specific purpose in mind. Because determining the defendant's specific intent requires you to decide what she was thinking when an act was done, it is seldom capable of direct proof. Therefore, you should consider the facts and circumstances surrounding the act to determine the defendant's specific intent. You may, but are not

required to, conclude a person intends the natural results of her acts.

Booth claims the State's evidence did nothing more than show she intended to pay for meth with a box of pseudoephedrine, and there is no proof she intended the pseudoephedrine to be used to manufacture meth. In sufficiency-of-evidence cases, we may use "all reasonable inferences that may be fairly drawn from the evidence." *State v. Showens*, 845 N.W.2d 436, 440 (Iowa 2014). We also consider both direct and circumstantial evidence. *State v. Bentley*, 757 N.W.2d 257, 262 (Iowa 2008). Intent is especially hard to prove with direct evidence, and therefore, "proof of intent usually consists of circumstantial evidence and the inferences that can be drawn from that evidence." *State v. Adams*, 554 N.W.2d 686, 692 (Iowa 1996).

Here, evidence supporting the conviction includes: (1) Booth bought meth from Marie, (2) a series of text messages revealed Booth offered to exchange a box of pseudoephedrine for meth, (3) Booth had purchased a "medically unnecessary" amount of pseudoephedrine, (4) testimony at trial demonstrated Marie's meth was made of a base of pseudoephedrine, and (5) testimony by Deputy Weber informed the jury many meth users provide pseudoephedrine to the meth "cook" in order to enable continued manufacture. We conclude substantial evidence supports the jury's finding of Booth's guilt. Therefore, we affirm.

**AFFIRMED.**