VOGEL, J.
(dissenting)
I respectfully dissent from the majority’s conclusion the State failed to show Miller acted “recklessly”'when he sold the doses of heroin to Hansen and Delong.
Because the jury found Miller guilty of involuntary manslaughter, that finding of guilt is binding upon us unless we determine there was not substantial evidence in the record to support such a finding. State v. Torres, 495 N.W.2d 678, 681 (Iowa 1993). To make a substantial evidence determination, we view the record evidence in the light most favorable to the State. Id.
A person will be found guilty of involuntary manslaughter under Iowa Code section 707.5(1) (2013) if the State proves beyond a reasonable doubt a “person unintentionally causes the death of another person by the commission of a public offense.” Of course, the public offense here was the delivery of heroin under Iowa *668 Code section 124.401(l)(c). We have incorporated from common law into our case law “recklessness” as a necessary element of proof for involuntary manslaughter. State v. Kernes, 262 N.W.2d 602, 605 (Iowa 1978) (“Culpable conduct should require proof of recklessness, that is, conduct evidencing either a willful or wanton disregard for the safety of others.”). The “culpability of a person’s unintentional death-causing conduct must still be weighed in light of all surrounding facts and circumstances, the activity he or she engaged in at the relevant time, and the inherent risk to others of the activity or instrumentalities involved.” Id. The jury was instructed on the definition of recklessness:
A person is “reckless” or acts “recklessly” when he willfully disregards the safety of person or property. It is more than a lack of reasonable care which may cause unintentional injury. Recklessness is conduct which is consciously done with willful disregard of the consequences. For recklessness to exist, the act must be highly dangerous. In addition, the danger must be so obvious that the actor knows or should reasonably foresee that harm will more likely than not result from the act. Though recklessness is willful, it is not intentional in the sense that harm is intended to result.
The jury was then given the marshalling instruction which read:
1. On or about the 11th day of September, 2013, the defendant recklessly committed the crime of delivery of a controlled substance; to wit, Heroin.
2. When the defendant committed the crime, the defendant unintentionally caused the death of Daniel Hansen. If the State has proved both the elements, the defendant is guilty of Involuntary Manslaughter. If the State has failed to prove either of the elements, the defendant is not guilty of Involuntary Manslaughter.
Under these instructions I believe a reasonable juror would and did conclude, beyond a reasonable doubt, that the delivery of three bindles or doses of heroin to two people, Hansen and Delong, was reckless.
Evidence presented at trial highlighted the danger of heroin. Although Delong testified she did not believe heroin was dangerous before these events, we do not use the subjective standards of those involved in the incident. See State v. Bash, 670 N.W.2d 135, 137 (Iowa 2003). Rather, we examine the record to determine if a rational fact finder could be convinced. Id. The majority concludes that the evidence presented at trial is too thin to fulfill the test; I disagree. Testimony at trial showed any amount of the drug is potentially fatal, and in the previous year, the number of deaths from heroin overdoses had been increasing in the area. As Dr. Firchau testified: “When dealing with illicit substances, specific drug concentrations, potentially fatal or toxic concentrations are less useful and less important because it is widely believed and accepted that any potential amount of those substances can be potentially fatal” and “heroin at any level in the system can be potentially fatal.” Thus, a reasonable jury would have started its deliberations with the notion that dealing in heroin — in any amount — is “highly dangerous.” See, e.g., Commonwealth v. Catalina, 407 Mass. 779, 556 N.E.2d 973, 980 (Mass.1990) (noting Congress has “placed heroin in the most dangerous category of controlled substance”). There is no “safe dose” of this schedule one narcotic. See id. (stating heroin “lacks accepted safety for use even under medical supervision”). Federal law has noted the danger inherent in heroin as well. 21 U.S.C. § 812(b)(1), 812(c) (2012). Wisconsin has even taken the step to statutorily criminal *669 ize the delivery of schedule I controlled substances resulting in death. Wis. Stat. § 940.02(2). Courts in Georgia have held that the felony-murder rule applies in similar situations. Hulme v. State, 273 Ga. 676, 544 S.E.2d 138, 141 (Ga.2001). While Iowa has not determined, either through legislation or case law, that dealing heroin is per se reckless, the very act of selling a schedule I narcotic, knowing it will be ingested, is unquestionably inherently dangerous.
In this case, Delong testified, she and Hansen had “a few drinks” before approaching Miller for some heroin. Miller then sold three doses of the drug to the two users — 150% of the packaged, standard dosage. Selling an excessive amount of an inherently dangerous substance raised the risk of overdose. I would conclude, the combination of the inherently dangerous nature of heroin, the increase of overdoses in the area, the testimony that any amount of heroin is potentially fatal, and the excessive amount sold to Hansen and Delong by Miller was sufficient to prove the element of recklessness. A reasonable juror, following the recklessness instruction provided, would have found that Miller’s actions, in selling a large quantity of heroin to two people, “willfully disregarded the safety” of Hansen and Delong; it was “done with willful disregard of the consequences”; “the act was highly dangerous”; and the danger was so obvious that Miller knew or should have reasonably foreseen “that harm will more likely than not result from” the sale. See Jury Instruction No. 21.
Therefore, viewing the evidence in the light most favorable to the State, I submit substantial evidence supported the jury’s findings that Miller acted recklessly when he sold the three doses of heroin to two people — Hansen and Delong. I would affirm Miller’s conviction.