# IN THE COURT OF APPEALS OF IOWA

No. 19-1463
Filed September 23, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LATISHA MARIE WATSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Monona County, Tod Deck, Judge.


Latisha Watson appeals the district court judgment finding her guilty of possession of a controlled substance in violation of Iowa Code section 124.401(5) (2018). **AFFIRMED.**


Peter J. Leo of Norelius Nelson Law Firm, Denison, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson and Genevieve Reinkoester, Assistant Attorneys General, and Ryan Benn, Law Student Intern, for appellee.


Considered by Bower, C.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

Following a bench trial, Latisha Watson was found guilty of possessing marijuana in violation of Iowa Code section 124.401(5) (2018). On appeal, Watson argues the State failed to meet its burden to prove she had actual or constructive possession of the marijuana found in her vehicle.

## I.  Background

The district court accurately summarized the facts of this case in its written judgment filed following trial:

> On February 20, 2018, Mapleton Police Chief Jared Clausen and other law enforcement officers were executing a search warrant at the defendant's residence in Monona County, Iowa. The defendant was not present at the time of the initial search. Near the conclusion of the execution of the warrant, the defendant arrived outside the residence in a vehicle. As officers approached her, she was outside of the vehicle. She was told why law enforcement was present. An officer asked her if she had any drugs on her or in the vehicle. She initially denies as much. She is directed by an officer to open the vehicle. Prior to doing so she states: "Umm . . . actually . . . there is marijuana in there and it's just a weed pipe." She then states that it is in the backseat.
>
> At this point, the officers realized that another individual was located lying down in the back seat of the vehicle. They directed that person to show their hands and exit the vehicle, at which point an officer says "Aw . . . it's Clifford." Clifford Schofield was the individual lying in the back seat of the car. Clifford is asked if he has anything on him. He initially denies that he does, but almost immediately recants and admits to having drug paraphernalia and weed, which an officer subsequently removes from his pocket. The substance that was removed from his pocket was marijuana. The evidence shows as much and the parties stipulated to as much.
>
> Officers searched the car and found spray intended to be used to cover up the smell of marijuana in the center console between the driver's and passenger's seat. The defendant was driving the vehicle prior to arriving at the scene. The defendant and Clifford were then placed under arrest. Just prior to that time, the defendant admits that one of the pipes belongs to her. As the defendant was being placed under arrest, Clifford suggests that he was just trying to help the defendant out.

Clifford Schofield testified that he and defendant were dating at the time of the arrest. He stated that he and the defendant were driving around that day and he was riding in the back seat of the car. As they pulled up at the residence and saw the law enforcement presence, Clifford states that the defendant handed him two pot pipes and some marijuana. He took that stuff and put it in his pocket and that stuff was ultimately found on him by the police. Clifford was charged as a result of the incident. His matters were resolved prior to trial in this matter and he was not offered any consideration by the state in return for his testimony. He and the defendant were no longer dating as of the date of trial.

Based on this evidence, the district court found Watson guilty. Watson's subsequent motion for new trial was denied. She appeals, challenging the sufficiency of the evidence that she possessed the marijuana.

## II.  Standard of Review

"We review a challenge to the sufficiency of evidence for correction of errors at law." *State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016). We will consider "all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *State v. Romer*, 832 N.W.2d 169, 174 (Iowa 2013). We will uphold the verdict if substantial evidence supports it. *Howse*, 875 N.W.2d at 688. "Evidence is substantial when 'a rational trier of fact could conceivably find the defendant guilty beyond a reasonable doubt.'" *Id.* (quoting *State v. Thomas*, 561 N.W.2d 37, 39 (Iowa 1997)).

## III.  Discussion

To show a defendant unlawfully possessed a controlled substance in violation of section 124.401(5), the State must show "that the defendant: (1) exercised dominion and control over the contraband, (2) had knowledge of its presence, and (3) had knowledge that the material was a controlled substance." *State v. Bash*, 670 N.W.2d 135, 137 (Iowa 2003). The State may show the

defendant possessed the controlled substance by showing the defendant had either actual possession or constructive possession. *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014).

Watson argues the State has not met its burden to show she had either actual or constructive possession. In regard to actual possession, Watson maintains she did not have actual possession because the marijuana "was not found on her person, but rather the person of Clifford Schofield." This argument disregards the legal principle that actual possession does not require the controlled substance to be found on the defendant's person; instead, a defendant has actual possession "when the contraband is found on his or her person or when substantial evidence supports a finding it was on his or her person 'at one time.'" *Id.* (quoting *State v. Vance*, 790 N.W.2d 775, 784 (Iowa 2010)).

While it is true law enforcement did not find the marijuana on Watson's person, there is substantial direct evidence she had the marijuana on her person previously. Schofield testified that Watson handed him the marijuana when she realized police were at her house and Schofield took the marijuana from Watson to "take the rap" for her. This is direct evidence of Watson's possession of the drugs. *See* Iowa State Bar Ass'n, Iowa Criminal Jury Instruction 100.6 (2017) ("Direct evidence is evidence from a witness who claims actual knowledge of a fact, such as an eyewitness."); *State v. Miller*, No. 18-2176, 2020 WL 2060299, at *2 (Iowa Ct. App. Apr. 29, 2020) (citing with approval a jury instruction stating, "'Direct evidence' is evidence from a witness who claims actual knowledge of a fact, such as an eyewitness"). While Watson criticizes Schofield's credibility, it is not our place in a sufficiency-of-the-evidence review to assess credibility of

witnesses. Credibility determinations are for the factfinder, which, in this case, was the district court. *See State v. Wells*, 629 N.W.2d 346, 356 (Iowa 2001) ("[W]e defer to the fact finder's determinations concerning witness credibility."). The district court found Schofield's testimony that Watson handed him the drugs credible. This direct evidence of Watson's actual possession of the drugs is sufficient evidence to sustain the guilty finding.

Having found sufficient direct evidence of Watson's actual possession of marijuana, we need not address either the circumstantial evidence of Watson's guilt or the evidence of her constructive possession of the drugs.

**AFFIRMED.**