# IN THE COURT OF APPEALS OF IOWA

No. 25-0456
Filed June 24, 2026

**State of Iowa,**
Plaintiff–Appellee,
v.
**Michael Leigh Schmidt,**
Defendant–Appellant.

Appeal from the Iowa District Court for Scott County,
The Honorable Henry W. Latham II, Judge.

**AFFIRMED**

Martha J. Lucey, State Appellate Defender, and Allison Linafelter, Assistant Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, attorneys for appellee.

Considered without oral argument
by Ahlers, P.J., Sandy, J., and Vogel, S.J.
Opinion by Ahlers, P.J.

**AHLERS, Presiding Judge.**

After twelve pounds of methamphetamine were found in the rented SUV Michael Schmidt was driving, a jury found him guilty of possession with intent to distribute more than five kilograms of methamphetamine, second offense. *See* Iowa Code §§ 124.401(1)(a)(7)(a), .411 (2024). The district court sentenced him to serve a term of incarceration not to exceed sixty years and pay a fine of $20,000.

Schmidt appeals. He contends (1) there is insufficient evidence that he possessed the methamphetamine, and (2) the district court abused its discretion by imposing a $20,000 fine.

As to the sufficiency-of-the-evidence challenge, we review for correction of errors at law. *State v. Brown*, 32 N.W.3d 774, 778 (Iowa 2026). We are bound by the jury's verdict if it is supported by substantial evidence, which is evidence sufficient to convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. *Id.* In assessing the sufficiency of the evidence, we view it in the light most favorable to the State, including drawing all legitimate inferences and presumptions that may be fairly and reasonably deduced from it. *Id.*

Schmidt challenges the sufficiency of the evidence that he possessed the methamphetamine found in the back of the SUV that he was driving while his wife was a passenger. He contends the State failed to prove he had the authority to exercise dominion and control over the drugs.

Possession can be actual or constructive. *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014). It requires proof that the defendant "exercised dominion and control over the contraband." *Id.* Actual possession is established if the contraband is found on the defendant's person or when the

evidence establishes it was on the defendant's person at one time. *Id.* Constructive possession allows possession to be inferred based on the contraband's location and the surrounding circumstances. *Id.* at 443. Dominion and control can be inferred if the defendant has exclusive control of the location where the contraband is found. *Id.* But if multiple people are in control of the location, dominion and control cannot be inferred. *Id.*

Because both Schmidt and his wife had control of the SUV in which the drugs were found, there is no inference that Schmidt possessed the drugs based on its presence in the SUV. But even without that inference, there is sufficient evidence that Schmidt had actual and constructive possession of the methamphetamine.

Viewing the evidence in the light most favorable to the State, reasonable jurors could find the following facts. Schmidt and his wife were known to be part of a drug operation that involved distributing large quantities of methamphetamine from a distributor in Chicago. A text message showed Schmidt and the distributor planning a drug transaction. A few days before the events at issue, Schmidt, his wife, and her ex-husband were involved in a group chat in which Schmidt talked about upcoming drug transactions, including complaining about the quality of the drugs and saying they needed to increase the quantity of drugs to meet the demand.

Then, on the day at issue, Schmidt's wife drove from Des Moines to Davenport. Law enforcement found the SUV Schmidt's wife rented (the same vehicle in which Schmidt, his wife, and the drugs were found later that day) at a hotel in Davenport and followed the SUV to the area of Chicago where the identified distributor lived. The SUV was driven by Schmidt's wife's ex-husband. The ex-husband drove the SUV back to the hotel in Davenport. Schmidt arrived a few minutes later in a rented van. Schmidt,

3

his wife, and her ex-husband were seen together walking away from the two vehicles. Schmidt then returned to the van, drove off in it, and took countersurveillance measures before returning to the hotel. The three people then got in the two vehicles and drove to a residential area where law enforcement observed them moving items between the two vehicles. The ex-husband drove off on a motorcycle, and Schmidt and his wife drove off in the van and SUV. The three met up at a retail parking lot where officers again observed items being moved between the SUV and the van. Schmidt then drove the van to a vehicle-rental business while his wife followed in the SUV. Schmidt returned the van, got in the driver's side of the SUV while his wife sat in the passenger seat, and drove off. When they stopped the vehicle at an auto parts store, law enforcement surrounded the vehicle and detained Schmidt and his wife.[1] A drug dog alerted on the vehicle, and a subsequent search revealed the twelve pounds of methamphetamine in a backpack in the back of the SUV.

This evidence was sufficient to show that Schmidt knew the methamphetamine was in the SUV and he exercised dominion and control over it. His involvement in setting up the transaction and in moving items between the van and the SUV would allow a reasonable fact finder to conclude he had the drugs in his actual possession at some time that day and that he had authority to exercise dominion and control over them. The evidence also distinguishes Schmidt's case from the cases upon which he relies where evidence was found insufficient to establish authority to control contraband. *See, e.g.*, *State v. Kern*, 831 N.W.2d 149, 161–62 (Iowa 2013) (finding inadequate proof of dominion and control based on the mere fact that marijuana was being grown in a jointly occupied residence); *State v. Bash*,

---

[1] Schmidt did not have a driver's license.

670 N.W.2d 135, 136–39 (Iowa 2003) (finding insufficient proof of authority to exercise control of drugs found in a box on the defendant's husband's side of the bed in a jointly occupied residence); *State v. Webb*, 648 N.W.2d 72, 79–80 (Iowa 2002) (finding insufficient evidence of control over drugs found in jointly occupied residence when defendant was not on premises when search occurred, there was no evidence of when he had last been there, the drugs were not found in locations exclusively accessible to the defendant, and the drugs were not found near the defendant's personal belongings); *State v. Atkinson*, 620 N.W.2d 1, 4–5 (Iowa 2000) (finding that, even though defendant knew there were drugs in her companion's fanny pack, there was insufficient evidence defendant had the right to exercise control over the fanny pack).

Because there was sufficient evidence to support the jury's finding that Schmidt had the authority to exercise dominion and control over the methamphetamine found in the SUV, his sufficiency-of-the-evidence challenge fails.

As to Schmidt's challenge to the fine imposed, because the fine is within statutory limits, we review for an abuse of discretion. *See State v. Majors*, 940 N.W.2d 372, 385 (Iowa 2020). Schmidt contends the district court erred in choosing a fine of $20,000 because the court did not give an explanation for that fine amount. But the court did give an explanation:

> Mr. Schmidt, it's my duty to determine what the appropriate rehabilitative plan would be for you. I have to look at the very serious nature of the offense that you have been convicted of, the impact that it's had on the community, and how the community must be protected from this type of criminal behavior. I have to look at the least restrictive alternatives and proceed to the more restrictive alternatives.
>
> I have reviewed your entire presentence investigation report for the purposes of today's sentencing, but I have not considered any of the entries

> in the criminal history section that do not reflect an admission of guilt or a finding of guilt in regards to those offenses.

After going on to discuss how Schmidt's criminal conduct endangered himself and others, the court then imposed a $20,000 fine, stating, "I believe the fine is appropriate based on the amount of methamphetamine."

Schmidt's only challenge to the imposition of the fine is that the court did not give a reason for the amount of the fine. But the court did give a reason, so his challenge fails.

**AFFIRMED.**