STATE of Iowa, Appellee,

v.

Rusty Shannon Lee KEMP, Appellant.

No. 03–1785.

Supreme Court of Iowa.

Nov. 10, 2004.

Linda Del Gallo, State Appellate Defender, and Theresa R. Wilson, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Bruce C. Kempkes, Assistant Attorney General, John P. Sarcone, County Attorney, and Stephan Bayens, Assistant County Attorney, for appellee.

CARTER, Justice.

Defendant, Rusty Kemp, appeals, following a bench trial, from his conviction of possession of marijuana in violation of

Iowa Code section 124.401(5) (2001). He contends that the district court erred in failing to grant his motion for judgment of acquittal. Specifically, defendant argues the district court relied on an impermissible presumption to support his conviction and that when properly viewed the evidence does not support the court's finding of guilt. After reviewing the record and considering the arguments presented, we vacate the judgment and sentence and remand this matter to the district court for further proceedings.

The facts viewed most favorably toward the State include the following. On May 26, 2003, two Clive police officers were dispatched to a Polk County storage business to investigate a complaint of suspicious activity. Upon arriving, the officers found three individuals, including defendant, working on an automobile located in a storage garage. Two other vehicles, a Chevrolet Caprice and a Dodge Intrepid were parked near the storage garage. The Caprice was parked perpendicular to the garage with the passenger side of the vehicle facing the three individuals working on the automobile. A fourth individual, Eric Johnson, was sitting in the passenger side of the Caprice. The passenger door was open, and Johnson was sitting sideways with his feet on the ground facing the three other individuals working on the car.

The defendant was identified as the owner of the Caprice. Defendant gave the officers consent to search his vehicle. Johnson was asked to exit the Caprice. When Johnson stepped out of the car, one of the officers observed a bag of marijuana in plain view underneath the passenger's seat where Johnson had been sitting. Upon further inspection of the vehicle, a second bag of marijuana was discovered under the driver's seat. It was not discovered in plain view. Next to the second bag of marijuana, one of the officers also found a small bag with rock cocaine, located between the driver's and passenger's seats. Defendant's vehicle also contained rolling papers used for smoking marijuana. The rolling papers were discovered in the vehicle's center console. Defendant denied any knowledge of the illegal drugs found in his car but admitted to ownership of the rolling papers. Johnson admitted placing the bag of rock cocaine in defendant's automobile but denied any knowledge of the marijuana found in the car.

Defendant was charged with possession of a controlled substance. He waived his right to a jury trial. After hearing the evidence, the district court found the defendant guilty as charged, concluding he was unable to rebut the presumption of possession created by his ownership and operation of the Chevrolet Caprice in which marijuana was discovered under the driver's seat.

### I. Whether Being the Owner or Recent Driver of a Vehicle in Which Drugs Are Discovered Creates a Rebuttable Presumption of Possession.

■ Defendant contends that the district court utilized an unwarranted and impermissible presumption of his possession of the marijuana by reason of his ownership of the motor vehicle in which it was found. In its "Conclusions of Law," the district court indicated that this court in *State v. Atkinson*, 620 N.W.2d 1, 3 (Iowa 2000), "suggested that ownership or operation created a rebuttable presumption of possession." The district court further concluded that "the defense offers no other credible evidence that would rebut the presumption of possession created by the defendant's ownership and operation of the Chevrolet." To the extent that the district court relied on such a rebuttable

presumption to sustain its finding that defendant had knowledge of and control over the marijuana found in his motor vehicle this was error.

Contrary to the district court's assertion, we did not suggest in *Atkinson* that ownership or operation of a vehicle in which drugs are discovered creates a rebuttable presumption of possession. The language from the opinion on which the district court relied was referring to the decisions of other courts and to legal treatises. The ownership of the vehicle was only one factor among several that we considered in determining whether the facts allowed a reasonable inference that the defendant in *Atkinson* knew of the drugs' presence and had control and dominion over them. *See Atkinson,* 620 N.W.2d at 4; *see also State v. Cashen,* 666 N.W.2d 566, 571 (Iowa 2003).

In the present case, persons other than the defendant had access to his car. Courts from other states have given sound reasons for not allowing a rebuttable presumption of possession under such circumstances. *See Hughes v. State,* 215 Ga.App. 6, 449 S.E.2d 547 (1994); *State v. Booth,* 11 S.W.3d 887 (Mo.Ct.App.2000).

> Where immediate and exclusive possession of an automobile ... is shown, the inference is authorized that the owner of such property is the owner of what is contained therein, and this inference has been referred to as a rebuttable presumption. However, as to automobiles, the rule does not apply where there is evidence in the case that the defendant has not been in possession of the vehicle for a period of time prior to the discovery of the contraband or that others have had access to it.... Where it is established that other persons had equal access to the vehicle, the application of a presumption of possession of any contraband found in it is not a sound, abstract

principle of law and is a dangerous rule for the numerous owners [or drivers] of motor vehicles.

*Hughes,* 449 S.E.2d at 549 (citations omitted).

> Since our society recognizes the varied use of automobiles, the exclusive possession of premises rule has been modified when automobiles are involved because of the reality of the contemporary use of the automobile as a means of social accommodation.... In the case of automobiles the full effect of [the exclusive possession] rule is tempered by evidence of equal access by persons, other than the owner, to the vehicle. In cases where there is joint control, a defendant is still deemed to have possession and control where there is additional evidence connecting him with the controlled substance.

*Booth,* 11 S.W.3d at 891 (citations omitted).

Because it appears that the district court relied on an unwarranted presumption in reaching its finding of guilt in the present case, the defendant's judgment and sentence must be vacated. Defendant contends that, absent the presumption the evidence is insufficient to sustain a finding of guilt, and a judgment of acquittal is in order. For reasons that are discussed in the following division, we disagree with that contention and conclude that the remedy to which he is entitled is a remand of the case to the district court for reconsideration of the evidence against him without applying the unwarranted presumption that was referred to in the court's initial decision.

## II. *Sufficiency of the Evidence.*

██ A. *Scope of review.* Sufficiency-of-the-evidence claims are reviewed for correction of errors at law. Iowa R.App. P. 6.4; *State v. Webb,* 648 N.W.2d 72, 75 (Iowa 2002). An appellate court reviews a trial court's findings in a jury-waived case

as it would a jury verdict. *State v. Weaver*, 608 N.W.2d 797, 803 (Iowa 2000). A verdict will be upheld if it is supported by substantial evidence. *Webb*, 648 N.W.2d at 75. Evidence is substantial if it would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. *Id.* at 76. The evidence is reviewed in the light most favorable to the State, and all of the evidence presented at trial, not just evidence that supports the verdict, is considered. *Id.* The State has the burden to prove every fact necessary to constitute the crime with which the defendant is charged, and the evidence presented must raise a fair inference of guilt and do more than create speculation, suspicion, or conjecture. *Id.*

■ B. *Evidence of possession.* Defendant argues that the State presented insufficient evidence to support a finding that he possessed the marijuana discovered under the driver's seat of his car. In order to prove unlawful possession of a controlled substance, it must be shown that the defendant: (1) exercised dominion and control over the contraband, (2) had knowledge of its presence, and (3) had knowledge that the material was a controlled substance. *State v. Bash*, 670 N.W.2d 135, 137 (Iowa 2003) (citing *State v. Reeves*, 209 N.W.2d 18, 21 (Iowa 1973)). Possession can be either actual or constructive. *Bash*, 670 N.W.2d at 138. "Actual possession occurs when the controlled substance is found on the defendant's person. Constructive possession occurs when the defendant has knowledge of the presence of the controlled substance and has the authority or right to maintain control over it." *Id.* (citations omitted). Because no drugs were found on the defendant's person, this matter concerns constructive possession.

Furthermore,

if the premises on which such substances are found are in the exclusive possession of the accused, knowledge of their presence on such premises coupled with his ability to maintain control over such substances may be inferred.... *But where the accused has not been in exclusive possession of the premises but only in joint possession, knowledge of the presence of the substances on the premises and the ability to maintain control over them by the accused will not be inferred but must be established by proof.*

*Reeves*, 209 N.W.2d at 23 (emphasis added). Under such circumstances, several factors are considered for determining whether a defendant had constructive possession of contraband. These factors include: (1) incriminating statements made by the defendant, (2) incriminating actions of the defendant upon the police's discovery of drugs among or near the defendant's personal belongings, (3) the defendant's fingerprints on the packages containing the drugs, and (4) any other circumstances linking the defendant to the drugs. *Cashen*, 666 N.W.2d at 571.

■ Additionally, in a motor-vehicle case, a court may also consider these factors: (1) was the contraband in plain view, (2) was it with the defendant's personal effects, (3) was it found on the same side of the car seat or next to the defendant, (4) was the defendant the owner of the vehicle, and (5) was there suspicious activity by the defendant. *Atkinson*, 620 N.W.2d at 4 (citing *Plotts v. State*, 297 Ark. 66, 759 S.W.2d 793, 795 (1998)). All of these factors are only to be used as a guide in determining whether the State has established constructive possession. *Cashen*, 666 N.W.2d at 571. "Even if some of these facts are present, we are still required to determine whether all of the facts and circumstances ... allow a reasonable inference that the defendant knew of the drugs' presence and had control and dominion over the contraband." *Id.*

Defendant correctly points out that the district court found that the marijuana under the driver's seat was not discovered in plain view, it was not discovered near any of his personal effects, he made no incriminating statements, and he did not act in an overtly suspicious manner. However, the evidence presented also shows defendant was the owner of the vehicle in which the marijuana was discovered and was the most recent driver of the vehicle. A smaller bag of marijuana was discovered in plain view near the passenger's seat of the car. More marijuana was found directly under the driver's seat in a position where it might have been placed by the driver. Rolling papers used for smoking marijuana were found in the vehicle's center console along with other personal effects belonging to the defendant. Defendant told the officers that the rolling papers were his. We are satisfied that this evidence was sufficient for a finder of fact to reasonably infer that the defendant knew of the drugs' presence and exercised control and dominion over them.

We have considered all issues presented and conclude that the evidence presented was sufficient to permit but not require a trier of fact to find that defendant knew of the presence of the marijuana under the seat of his automobile and exercised control and dominion over same. Because of the district court's application of an unwarranted presumption in making that finding, we vacate defendant's judgment and sentence and remand this matter to the district court for reconsideration of the issue of defendant's guilt based on a legal standard consistent with this opinion.

**JUDGMENT VACATED AND CASE REMANDED.**