# IN THE COURT OF APPEALS OF IOWA

No. 14-0219
Filed January 28, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JONATHAN BRIAN KISSEE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, John C. Nelson,

District Associate Judge.


        Jonathan Kissee appeals from his conviction, judgment, and sentence for

possession of a controlled substance.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Theresa R. Wilson,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney

General, Katherine Walling, Student Legal Intern, Patrick Jennings, County

Attorney, and Athena D. Ladeas, Assistant County Attorney, for appellee.


        Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

Jonathan Kissee appeals from his conviction, judgment, and sentence for possession of a controlled substance.

## I. Factual and Procedural Background

On June 3, 2013, two police officers, one in a police car and one on foot, observed Jonathan Kissee driving with multiple cracks across the length and height of his main windshield. The driving officer pulled Kissee over on the belief that the cracks might have been impairing the driver's vision. The officer who was on foot joined to assist the stop.

During the stop, the officers discovered that Kissee owned the car but did not possess a valid driver's license or insurance. The officers arrested Kissee for these violations. There was a passenger in the car with Kissee; the officers questioned the passenger and let him go. When the officers performed an inventory search of the car, they found marijuana in its center console. Kissee invoked his right to silence once the officers Mirandized him and questioned him about the marijuana.

Kissee was charged by trial information with possession of marijuana in violation of Iowa Code section 124.401(5) (2013).[1] He moved to suppress evidence collected as a result of the stop, arguing the stop violated his constitutional protections against unreasonable seizures. His motion was denied. Following a bench trial on the minutes of testimony, the district court found Kissee guilty of possession and sentenced him.

---

[1] "It is unlawful for any person knowingly or intentionally to possess a controlled substance . . . ." Iowa Code § 124.401(5).

Kissee now appeals the conviction, arguing that the district court erred in failing to suppress the evidence or alternatively that the evidence was insufficient as a matter of law to support the conviction.

**II. Standard and Scope of Review**

Kissee's claim that all evidence arising from the traffic stop must be suppressed is a constitutional claim, and we therefore review de novo. *See State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011). We will independently evaluate the totality of the circumstances as shown by the record as a whole. *See id.* We are not bound by the district court's findings of fact, but we give deference to them. *See id.*

We review Kissee's claim there is insufficient evidence to support his conviction for errors at law. *See State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014) (citing *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012)). We consider all the evidence, including all reasonable inferences derived from it, in the light most favorable to the State. *See id.* We affirm if substantial evidence—i.e., evidence that can convince a rational factfinder of guilt beyond a reasonable doubt—supports the conviction. *See id.*

**III. Discussion**

Kissee asserts all evidence derived from the stop should have been suppressed because the stop impermissibly violated his constitutional protection against unreasonable searches and seizures. *See* U.S. Const. amend. IV; Iowa Const. art. I, § 8. However, it is well established that "[a] police officer can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be

afoot." *State v. Kooima*, 833 N.W.2d 202, 206 (Iowa 2013). An officer has a reasonable suspicion to support a stop if he observes a traffic offense, no matter how minor that offense may be. *See State v. Harrison*, 846 N.W.2d 362, 365 (Iowa 2014). It is a criminal traffic offense to "drive a motor vehicle equipped with a windshield . . . which do[es] not permit clear vision." Iowa Code § 321.438(1).

The officers observed heavy cracking across the windshield both vertically and horizontally, which constitutes an articulable fact supporting their reasonable suspicion that a violation of section 321.438(1) may have been in progress. They were therefore permitted to initiate a stop to investigate whether such a violation actually was occurring.[2] The district court properly declined to suppress evidence arising from the traffic stop.

Kissee's alternative assertion is that there was insufficient evidence to support his conviction. The evidence must demonstrate that Kissee "(1) exercised dominion and control over the contraband, (2) had knowledge of its presence, and (3) had knowledge that the material was a controlled substance." *State v. Kemp*, 688 N.W.2d 785, 789 (Iowa 2004).

Possession may be actual or constructive. *State v. Vance*, 790 N.W.2d 775, 784 (Iowa 2010). To prove actual possession, the State must demonstrate that the substance was either found on the person or that "at one time [the defendant] had actual possession." *Id.* In this case, the State does not claim the evidence demonstrates actual possession. Instead, it asserts Kissee was in

---

[2] It is not relevant whether the cracks in the windshield actually did obstruct the driver's vision—it is only relevant whether the officers' suspicion the cracks may have done so was reasonable so as to support their stop. Kissee's in-depth analysis and interpretation of section 321.438(1) do not bear upon our finding the suspicion of criminal conduct was reasonable.

constructive possession of the marijuana, meaning he "ha[d] knowledge of the presence of the controlled substance and ha[d] the authority or right to maintain control over it." *Kemp*, 688 N.W.2d at 789. In a case involving constructive possession and a motor vehicle, there are many factors to consider, including whether the defendant made incriminating statements, whether he acted in an incriminating manner, whether he owned the car, and any other circumstances linking the defendant to the drugs. *See id.*

Kissee's contention that the evidence equally supports that the substance belonged to his passenger is not persuasive. As the owner and driver of the vehicle, Kissee exercised domain and control over the center console located next to the driver's seat. The parties are correct to point out we will not presume that ownership of the car necessitates knowing possession of its contents. However, ownership or possession of a car is an evidentiary factor that weighs against a defendant's claim he exercises no control or domain over substances found inside of it. *See, e.g.*, *State v. Dewitt*, 811 N.W.2d 460, 475–76 (Iowa 2012) (finding defendant's status as a frequent and the most recent driver of the car was a factor weighing against his claim, even *without* ownership and even though multiple drivers had access to the vehicle); *Kemp*, 688 N.W.2d at 789 (finding ownership of the vehicle weighed in favor of a finding that the owner had control and dominion over the substance found inside).

Kissee's suggestion on appeal that his passenger may have placed the marijuana in his car console without his knowledge is not supported by any fact or circumstance presented to the district court. The minutes of testimony—the only evidence presented at trial—demonstrate the passenger complied with the

officers, consented to a search, and did not say or do anything to incriminate himself.

Kissee, on the other hand, was less cooperative with the officers. When the officers explained the situation regarding his license, he argued he had taken care of the problem by making a payment and signing "some documents." He protested his arrest by claiming he was being harassed by the officers, one of whom had stopped him several months before.

The contrast between Kissee's behavior and that of his passenger is another evidentiary factor from which a reasonable factfinder might infer that Kissee's less-cooperative behavior and statements stemmed from his knowledge of the presence of the marijuana in the center console of the car he owned and was driving. *See, e.g.*, *State v. Carter*, 696 N.W.2d 31, 40–41 (Iowa 2005) (comparing the defendant-driver's incriminating behavior with that of the compliant passenger and finding the resulting inference outweighed the defendant's claim that the substance could equally have belonged to the passenger).

There is sufficient evidence for a reasonable factfinder to infer from the minutes Kissee owned or exercised control over the substance, knew of the substance's presence in his car, and knew that the substance was marijuana.

Because the officers' traffic stop was supported by a reasonable suspicion of a criminal traffic violation and the evidence is sufficient to support the district court's findings of fact, we affirm.

**AFFIRMED.**