# IN THE COURT OF APPEALS OF IOWA

No. 21-1692
Filed January 11, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**STELLA LOUISE GORE,**
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Clay County, Carl J. Petersen (trial)

and Charles K. Borth (sentencing), Judges.


        The defendant appeals her conviction for possession of marijuana, third or

subsequent offense.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau,

Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Israel Kodiaga, Assistant Attorney

General, for appellee.


        Considered by Bower, C.J., Tabor, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**BLANE, Senior Judge.**

Stella Gore appeals her conviction for possession of marijuana, third or subsequent offense, arguing the district court erred in denying her motion for judgment of acquittal. She asserts there was insufficient evidence to support the jury's verdict. We review sufficiency-of-evidence claims for correction of errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). We determine that there was sufficient evidence for the jury to find Gore guilty of constructive possession of marijuana, and the district court did not err in denying her motion.

## I.       Background facts and proceedings.

The parties do not dispute the underlying facts. On June 12, 2019, Clay County Sheriff Deputy Tyler Heck spotted a pickup truck belonging to Edwin Gonzalez, whom Heck knew had a suspended driver's license, and stopped to see if Gonzalez was driving. The truck was parked next to a sedan. While waiting, Heck contacted another deputy to come to the location. The two deputies observed Gore driving away in the pickup. Gonzalez followed, driving the sedan. The deputies initiated a traffic stop of Gonzalez. Gore pulled the pickup over a little farther down the road and started walking toward Gonzalez.

After Gonzalez was arrested, Gore told Deputy Heck that the sedan belonged to her. She swapped vehicles with Gonzalez because she needed a vehicle to pull her camper and was thinking of buying his pickup. But Gonzalez told the deputies that he was having problems with the pickup and had asked Gore to drive the pickup home. Gonzalez advised the deputies Gore could drive away in his pickup. So the deputies told Gore she could leave in either vehicle.

Gore asked if she could leave her car on the side of the road and was told she could. She then left in Gonzalez's pickup. But based on the inconsistent statements given by Gore and Gonzalez as well as Gonzalez's history of drug arrests, Heck decided to conduct a canine search of Gore's car. During the external search, the canine made an indication of drugs. So Gore's car was towed to the sheriff's office, and the deputies obtained a search warrant for the car.

When deputies searched Gore's car, they found a purse behind the front center console that contained a pipe with marijuana residue, a wrench socket also with marijuana residue, and a metal canister with suspected marijuana, as well as a medical bill addressed to Gore. They also located a metal lock box under the front passenger seat that contained a pipe, a THC wax container, a digital scale, a wrench socket, a marijuana grinder containing .2 grams of suspected marijuana, and a letter to Gore from her attorney.

Based upon what was found during the search, Heck obtained an arrest warrant for Gore. He then called Gore and told her she could retrieve her car. When Gore arrived at the sheriff's office, Heck told her that she was under arrest and, after she reviewed the warrants, he interviewed her. She told Heck that the drugs found in her car were not hers and that Gonzalez must have put the drugs there. She admitted to owning both the purse that contained the marijuana and the "socket pipe" that was found inside the purse. She further admitted that she "smok[ed] pot" in emergencies, which she explained was when she had pain in her feet and back.

The State charged Gore with possession of marijuana, third or subsequent offense, a class "D" felony.[1]  The charges went to a jury trial.  At the close of the State's evidence, Gore moved for judgment of acquittal arguing there was insufficient evidence she possessed the drugs.  The district court denied Gore's motion as to the possession of marijuana.  The jury returned a guilty verdict.  Gore stipulated to her prior convictions, and the court sentenced Gore to a term of incarceration not to exceed five years and a $1250 fine with surcharge.  She appeals.

## II.  Discussion.

We affirm a jury verdict if it is supported by substantial evidence.  *See State v. Crawford*, 974 N.W.2d 510, 516 (Iowa 2022).  Substantial evidence is evidence sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt.  *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017).  In determining whether the jury's verdict is supported by substantial evidence, the court views the evidence in the light most favorable to the State, including all "legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence."  *Id.* (quoting *State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005)).  Consideration must be given to all of the evidence, not just the evidence supporting the verdict.  *State v. Petithory*, 702 N.W.2d 854, 856–57 (Iowa 2005).  Evidence is not insubstantial merely because it might support a different

---

[1] During the vehicle search the deputy also found a glass pipe in the center console that appeared to contain methamphetamine residue.  Gore was also charged with possession of methamphetamine, third or subsequent offense.  However, during trial the district court granted Gore's motion for judgment of acquittal finding that the State had not proved that Gore possessed the methamphetamine.  That charge is not involved in this appeal.

conclusion; the only question is whether the evidence supports the findings actually made. *State v. Jones*, 967 N.W.2d 336, 339 (Iowa 2021). Although "[d]irect and circumstantial evidence are equally probative," the evidence "must raise a fair inference of guilt" as to each element of the crime; "it must do more than create speculation, suspicion, or conjecture." *State v. Schrier*, 300 N.W.2d 305, 308 (Iowa 1981); *see also State v. Huser*, 894 N.W.2d 472, 491 (Iowa 2017); *State v. Meyers*, 799 N.W.2d 132, 138 (Iowa 2011); Iowa R. App. P. 6.904(3)(p).

The jury instructions provide that, to show Gore possessed marijuana, the State had to prove beyond a reasonable doubt that she "knowingly or intentionally possessed [m]arijuana" and that she "knew that the substance she possessed was [m]arijuana." On appeal, Gore contends the State did not make that showing.

Possession may be either actual or constructive. *State v. Reed*, 875 N.W.2d 693, 705 (Iowa 2016). In this case, the State relies on constructive possession. "The existence of constructive possession turns on the peculiar facts of each case." *State v. Webb*, 648 N.W.2d 72, 79 (Iowa 2002). "To prove constructive possession, the State must show 'the defendant had knowledge of the controlled substance as well as the authority or right to control it.'" *State v. Kern*, 831 N.W.2d 149, 161 (Iowa 2013) (citation omitted).

As to controlled substances found in a motor vehicle,

> several factors are considered for determining whether a defendant had constructive possession of contraband. These factors include: (1) incriminating statements made by the defendant, (2) incriminating actions of the defendant upon the police's discovery of drugs among or near the defendant's personal belongings, (3) the defendant's fingerprints on the packages containing the drugs, and (4) any other circumstances linking the defendant to the drugs.
>     Additionally, in a motor-vehicle case, a court may also consider these factors: (1) was the contraband in plain view, (2) was

it with the defendant's personal effects, (3) was it found on the same side of the car seat or next to the defendant, (4) was the defendant the owner of the vehicle, and (5) was there suspicious activity by the defendant. All of these factors are only to be used as a guide in determining whether the State has established constructive possession. "Even if some of these facts are present, we are still required to determine whether all of the facts and circumstances . . . allow a reasonable inference that the defendant knew of the drugs' presence and had control and dominion over the contraband."

*State v. Kemp*, 688 N.W.2d 785, 789 (Iowa 2004) (alteration in original) (internal citations omitted).

Applying these considerations to the present case, we find the State presented sufficient evidence for the jury to find Gore had constructive possession of the marijuana. The drug was found in Gore's vehicle. Gore and Gonzalez had just exchanged their vehicles presenting limited time for Gonzalez to plant the drugs found in Gore's vehicle. Evidence of marijuana use was found in Gore's purse and vehicle. She admitted the purse was hers. A letter addressed to her was found in her purse. The metal box contained a letter to Gore from her attorney and personal items indicating the box contained her possessions, including the grinder containing the marijuana. Gore also admitted using marijuana to treat pain. She further admitted using the wrench socket to smoke marijuana, which had marijuana residue on it. These facts and the resulting inferences provide substantial evidence that Gore constructively possessed marijuana. The district court did not err in denying Gore's motion for judgment of acquittal.

**AFFIRMED.**