# IN THE COURT OF APPEALS OF IOWA

No. 23-0530
Filed June 5, 2024

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**DONNELL E. THOMAS,**
  Defendant-Appellant.
_____

Appeal from the Iowa District Court for Plymouth County, Steven J. Andreasen, Judge.

Donnell Thomas appeals his convictions for possession of a firearm by a felon, operating while intoxicated, and possession of marijuana. **CONVICTIONS AFFIRMED; SENTENCES VACATED AND REMANDED FOR RESENTENCING.**

Martha J. Lucey, State Appellate Defender, and Ella M. Newell, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Joshua A. Duden, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Greer and Chicchelly, JJ.

**BOWER, Chief Judge.**

Donnelle Thomas appeals, claiming his right to a speedy trial was violated. He further alleges there was insufficient evidence to find him guilty of possession of a firearm by a felon and possession of marijuana. Finally, he claims the district court considered an impermissible factor during sentencing and failed to state sufficient reasons from imposing consecutive sentences. We find Thomas's claims of a speedy trial violation and insufficient evidence to be without merit. However, both parties agree the sentencing procedure was flawed, and this case should be remanded for resentencing. We, therefore, affirm Thomas's convictions, vacate the sentencing order, and remand for resentencing.

## I.    *Background Facts and Proceedings*

On March 24, 2022, Thomas went on a road trip to Minnesota from Omaha, Nebraska. He was accompanied by his friend, his friend's girlfriend, and her sister. During the drive, marijuana was smoked in the vehicle. At some point, Thomas agreed to drive the sister back to Sioux City, Iowa, and the pair stopped at a hotel. Before going to bed, Thomas bought a large bottle of wine and proceeded to drink the entirety of it himself. Thomas finished the bottle around 2:30 or 3:00 a.m. on March 25, 2022.

About five hours later, between 7:30 and 8:00 a.m., Thomas and the sister resumed their drive to Sioux City. The pair drove for over three hours before arriving in LeMars, Iowa. After stopping at a red light, Thomas put the car in park and fell asleep.

Off-duty deputy Pat Heissel noticed Thomas's van parked halfway up onto the curb and halfway into the lane of traffic. Deputy Heissel pulled up behind the

vehicle and approached the driver's side window. He saw Thomas and a female passenger appeared to be sleeping. Deputy Heissel called the non-emergency number and tapped on the window of the van to get the attention of the driver. Once Thomas awoke, he informed Deputy Heissel he was going to Sioux City, and he had been driving for some time. Meanwile, LeMars police officer Jacob Bergman arrived. Thomas told Officer Bergman he was tired and was attempting to pull off the road to sleep.

While speaking with Thomas, Officer Bergman believed Thomas was intoxicated based on Thomas's "red and bloodshot and watery" eyes and the odor of alcohol emanating from him. Thomas admitted he drank a bottle of wine the night before. Officer Bergman conducted field sobriety tests to determine whether Thomas was operating while intoxicated. Thomas failed each of the three standard field sobriety tests and was arrested and transported to the Plymouth County Jail where he provided a breath test resulting in a blood alcohol concentration of 0.110. Following his arrest, officers inventoried Thomas's car prior to it being impounded.

During the search of Thomas's car, officers discovered a loaded .44 caliber magnum handgun, marijuana, and "the remnant 'roaches' of marijuana 'joints'" inside the van. The smell of burnt marijuana was also prevalent in the car. According to the police, the loaded handgun was located under the driver's seat, where it would have been easily accessible to the driver, observable from where it was in the car, and was easily identifiable even before picking it up. A substance found in a plastic bag in the front center console tested positive for marijuana. The bag containing alleged "roaches" was not tested.

Thomas initially acknowledged the gun belonged to him, but he later testified it belonged to a friend and he was unaware it was in the vehicle. Thomas admitted he smoked marijuana prior to being stopped but testified he did not believe there was any marijuana in his vehicle since leaving Minnesota.

Thomas was charged with possession of a firearm by a felon; possession of ammunition by a felon; operating while intoxicated—first offense; and possession of marijuana—first offense. Counts one and two were enhanced as Thomas was a habitual offender under Iowa Code section 902.8 (2022). In June 2022, Thomas failed to appear for a pretrial hearing and a warrant was issued. In August, the warrant was recalled when Thomas appeared for a bond forfeiture hearing. On September 19, 2022, Thomas filed two motions to dismiss, claiming his right to a speedy trial was violated. Both motions were denied. The State dismissed count II, possession of ammunition by a felon. After a three-day jury trial, Thomas was convicted of all counts. Thomas was sentenced to an indeterminate fifteen-year suspended prison term on count I, and sixty days, all but ten days suspended, in jail on counts III and IV, set to run consecutively. Additionally, Thomas was fined $1250 with a fifteen percent surcharge for count III and $430 with a fifteen percent surcharge for count IV. The court suspended the fine for count I. Thomas appeals.

## II.     Speedy Trial

Thomas claims his right to a speedy trial was violated. We review Thomas's claim the district court erred in denying his motion to dismiss on speedy trial grounds for an abuse of discretion. *State v. Winters*, 690 N.W.2d 903, 907 (Iowa 2005). "When speedy trial grounds are at issue, however, the discretion given to

the district court narrows." *Id.* "Statutes and rules implementing the right to a speedy trial receive a liberal construction, designed to effectuate their purpose of protecting citizens' liberty." *State v. Taylor*, 881 N.W.2d 72, 76 (Iowa 2016) (internal marks and citation omitted).

A defendant "must be brought to trial within [ninety] days after indictment is found or the court must order the indictment be dismissed unless good cause on the contrary is shown." Iowa R. Crim. P. 2.33(2)(b). The case must be dismissed unless at least one of three things has occurred: (1) the defendant has waived his right to a speedy trial; (2) the delay is attributable to the defendant; or (3) there is good cause for the delay. *See, e.g.*, *State v. Hamilton*, 309 N.W.2d 471, 475 (Iowa 1981) (addressing waiver of delay); *State v. Peterson*, 288 N.W.2d 332, 335 (Iowa 1980) (holding the State established good cause for delay); *State v. Ege*, 274 N.W.2d 350, 354–55 (Iowa 1979) (finding delay attributable to the defendant).

Thomas asserts the State failed to prove one of the three exceptions to his speedy trial right applied and therefore his convictions should be vacated and remanded to the district court for dismissal.

The State counters good cause existed for the delay as Thomas left Iowa, returned to Nebraska after pleading not guilty, and then failed to appear in court. The district court determined good cause existed for the delay, referencing the COVID-19 pandemic and "abnormal and persistent scheduling issues from priority criminal cases." The court also noted "Mr. Thomas has not been in custody since posting bond shortly after [the] trial information was filed or shortly after his arrest and prior to that initial 90-day deadline with the recall of the prior warrant. He has remained out of custody throughout that entire time." The court further noted

"[t]here is nothing in the record to suggest that Mr. Thomas's ability to present a defense based upon staleness of evidence or otherwise has been affected." We further observe the court discussed Thomas's failure to appear, as it implicated his speedy trial claim, at the pretrial conference as follows:

> It is this Court's belief and conclusion that the fact that this matter was set for trial within the 90 days and that Mr. Thomas failed to appear for a pretrial conference in which he was ordered to personally appear and a warrant was issued for his arrest constitutes good cause under rule 2.33 for his case not to be tried within 90 days after the filing of the trial information.

We find no abuse of the court's discretion in finding there to be good cause for the delay. We affirm the district court's ruling.

### III.    Sufficiency of the Evidence

Thomas challenges the sufficiency of the evidence supporting his convictions for possession of a firearm by a felon and possession of marijuana. We review sufficiency-of-the-evidence claims for correction of errors at law. *State v. Kelso-Christy*, 911 N.W.2d 663, 666 (Iowa 2018). Our review is "highly deferential to the jury's verdict. The jury's verdict binds th[e] court if the verdict is supported by substantial evidence." *State v. Mong*, 988 N.W.2d 305, 312 (Iowa 2023) (quoting *State v. Jones*, 967 N.W.2d 336, 339 (Iowa 2021)). Substantial evidence exists when the evidence "would convince a rational fact finder the defendant is guilty beyond a reasonable doubt." *State v. Meyers*, 799 N.W.2d 132, 138 (Iowa 2011). "We view the evidence in the light most favorable to the State and make all reasonable inferences that may fairly be drawn from the evidence." *State v. Hickman*, 623 N.W.2d 847, 849 (Iowa 2001). This includes all "legitimate

inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *State v. Booker*, 989 N.W.2d 621, 626 (Iowa 2023).

To convict Thomas of possession of a firearm by a felon, the State must prove beyond a reasonable doubt Thomas "knowingly had a firearm in his possession or under his dominion and control." To convict Thomas of possession of marijuana, the State had to prove beyond a reasonable doubt he "knowingly or intentionally possessed marijuana, a controlled substance." For both offenses, the State had to provide evidence of actual or constructive possession. The State relied on a theory of constructive possession for both issues.

Actual possession is when the contraband is "found on the defendant's person." *State v. Jones*, 967 N.W.2d 336, 341 (Iowa 2021). "A person who has direct physical control of something on or around [his][her] person is in actual possession of it." *State v. Maghee*, 573 N.W.2d 1, 10 (Iowa 1997). Constructive possession is when the defendant has knowledge of and the authority to control the contraband. *State v. Reed*, 875 N.W.2d 693, 706 (Iowa 2016); *see State v. McMullen*, 940 N.W.2d 456, 462 (Iowa 2019). Constructive possession is often proved by inferences "based on the location of the contraband and other circumstances." *State v. Thomas*, 847 N.W.2d at 443 (citing *State v. Vance*, 790 N.W.2d 775, 784 (Iowa 2010)). But more than mere proximity to the contraband is required to show dominion over it. *Reed*, 875 N.W.2d 693, 705–06. When the defendant does not exclusively possess the place where the contraband is found, more evidence of possession is needed. *State v. Kern*, 831 N.W.2d 149, 161 (Iowa 2013).

Courts will consider several nonexclusive factors when determining whether the defendant possessed the contraband, including any incriminating statements or actions made by the defendant, any fingerprints recovered, and any other circumstances linking the defendant to the illegal items. *Id.* at 161. Additionally, in motor vehicle cases, courts may also consider factors like plain view, the contraband's proximity to the defendant's personal effects, the location of the contraband, ownership of the vehicle, and any other suspicious activity on the defendant's part. *State v. Gore*, No. 21-1692, 2023 WL 152559, at *2–3 (Iowa Ct. App. Jan. 11, 2023) (quoting *State v. Kemp*, 688 N.W.2d 785, 789 (Iowa 2004)). "Even if some of these facts are present, we are still required to determine whether all of the facts and circumstances . . . allow a reasonable inference that the defendant knew of the drugs' presence and had control and dominion over the contraband." *Id.*

Thomas argues there is insufficient evidence to prove he knowingly possessed a firearm or marijuana. Thomas claims he did not have knowledge of the firearm's presence in his vehicle. Thomas also argues there was no testimony regarding whether the marijuana was found with his personal effects or if his passenger had any of her belongings in the front center console. He asserts there was insufficient evidence to show he had possession of a firearm and marijuana and his conviction should therefore be overturned.

The State counters by offering up his incriminating statements and evidence of the location of the contraband. Thomas told Officer Bergman that "the gun in the vehicle belong[ed] to him," and "he [had] several other weapons, other guns just the same as th[e] one found in his car." The State reasons Thomas's

statements allowed the jury to fairly infer he exercised dominion over the firearm. Regarding the marijuana, the State claims the drugs were discovered in the center console within Thomas's reach while driving and Thomas testified he knew there was marijuana in the car, despite claiming he had not used marijuana in years. From this, a jury could reasonably infer the illegal drugs belonged exclusively to Thomas.

We also conclude there was sufficient evidence to support Thomas's convictions in both regards. Thomas admitted to the officers there was a gun in the vehicle in initial interviews. The marijuana and gun were found in a van belonging exclusively to Thomas. He had knowledge both items had been in his van when he first began his trip. All items were found in areas Thomas would have had direct access to at all times during the trip. Accordingly, we affirm.

## IV.    *Sentencing Discretion*

Thomas argues the district court relied on an improper factor—credit for time served for parole eligibility—when issuing his sentence. He claims the district court arrived at its sentence to minimize the extent of the credit given to him should his probation be revoked. We review challenges to a sentence for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

"A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure such as the trial court's consideration of impermissible factors." *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). When suspending a sentence, however, courts consider a multitude of factors not limited to a defendant's age, criminal history, employment, family circumstances, mental-health and substance-

use history, the nature of the offense, and "[s]uch other factors as are appropriate." Iowa Code § 907.5. A court is tasked with providing a sentence for "maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others." *See id.* § 901.5.

At sentencing, the district court stated:

> [A]lso in regard to the consecutive nature of these sentences, part of that is based upon the fact that the sentence under Count 1 is being suspended. The Court believes that it is appropriate in this case given that Mr. Thomas's prior record that if he is unsuccessful on probation and if the probation were to be revoked in the future and that prison term imposed, that having these counts run consecutive so that it would minimize the extent of credit given to Mr. Thomas would be appropriate.

Thomas reasons this statement by the court demonstrated that it considered how much time he served when imposing his sentence and fashioned a sentence to increase the amount of time he would spend in prison.

Thomas alleges the district court further abused its discretion by failing to explain why it imposed a consecutive sentence beyond the mere fact there were "separate and distinct crimes." Trial courts must state on the record their reasoning for imposing a particular sentence. Iowa R. Crim. P. 2.23(3)(d). Further, the court must provide specific reasoning for why it chose to impose consecutive sentences as opposed to concurrent sentences. *State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016). Thomas contends the court failed to illuminate its specific reasons for why the consecutive sentences were warranted.

The State concedes the district court referenced credit for time served for parole eligibility when imposing Thomas's sentence. It admits this qualifies as an improper factor for consideration by the district court. Therefore, we need not

address the merits of Thomas's claim relating to consecutive sentences; we vacate the sentences and remand for resentencing.

**CONVICTIONS AFFIRMED; SENTENCES VACATED AND REMANDED FOR RESENTENCING.**