**IN THE COURT OF APPEALS OF IOWA**

No. 23-2034
Filed March 5, 2025

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**GAYLE GEAN PALMER,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Joshua P. Schier, Judge.

A defendant appeals his convictions for felony eluding and drug possession. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

Considered by Tabor, C.J., and Ahlers and Sandy, JJ.

**TABOR, Chief Judge.**

After hearing evidence that Gayle Palmer fled from police in a vehicle carrying drugs, a jury convicted him of felony eluding and possession of controlled substances. Palmer appeals, contending that the State failed to prove the identity element for any of the offenses and failed to prove that he knowingly possessed marijuana or methamphetamine. Finding sufficient evidence to support both the identification of Palmer as the fleeing driver and his constructive possession of the drugs found in the vehicle, we affirm.

## I. Facts and Prior Proceedings

While on patrol, Deputy Keaton Hoschek spotted a white GMC Envoy that he recognized as Palmer's vehicle. The Envoy was on a frontage road in a commercial area of Burlington. As the deputy drove parallel to the frontage road, he identified the driver and sole occupant of the vehicle as Palmer. The deputy later testified that he was familiar with Palmer and recognized him on sight.

Deputy Hoschek followed the Envoy, noting the license plate number. On his in-car computer, Hoschek confirmed that the plate was registered to Palmer. But it was on the wrong vehicle. The registration information also included a photograph of Palmer, which matched the identity of the driver.

After confirming Palmer's identity, Deputy Hoschek turned on his emergency lights and siren and tried to pull over the Envoy. Rather than stopping, the vehicle accelerated, ignoring traffic lights and stop signs through a residential neighborhood. The deputy estimated that the Envoy was traveling more than fifty-five miles per hour in a twenty-five-mile-per-hour zone. Hoschek's dashboard camera activated automatically when he turned on his emergency lights. That

footage showed that the deputy could not catch up with the Envoy. Concerned about creating a safety hazard, the deputy called off the pursuit.

After Deputy Hoschek lost sight of the Envoy, another deputy, Detective Ryan Luttenneger, spotted the vehicle parked close by. Luttenneger later testified that he knew Palmer and his associates "frequented" a house in that vicinity. Upon Hoschek's arrival, both deputies approached the vehicle, which was partially concealed behind a shed. The plates matched the eluding vehicle. The windows were rolled down, and the doors were unlocked. The hood was warm to the touch. The deputies smelled marijuana "emitting from inside" the vehicle. And they saw a smoking pipe "in the center console area." The deputies knocked on the door of the nearby house but received no answer.

After impounding the Envoy and obtaining a search warrant, Deputy Hoschek searched the vehicle's interior. He discovered a plastic baggie containing marijuana on the floorboard of the driver's seat. He also found a pill bottle containing methamphetamine and a smoking pipe in the center console area near the passenger seat. Deputy Hoschek then applied for an arrest warrant.

The State charged Palmer with felony eluding in violation of Iowa Code section 321.279(3)(a) and (b) (2023) plus two aggravated misdemeanor counts for possession of controlled substances in violation of section 124.401(5). Palmer pleaded not guilty.

At trial, Deputy Hoschek identified Palmer as the Envoy's driver. Palmer moved for judgment of acquittal. The district court overruled the motion, and the jury returned guilty verdicts on all counts. The court sentenced Palmer to an

indeterminate term of fifteen years in prison as a habitual offender.[1] Palmer appeals.

## II. Scope and Standard of Review

We review sufficiency-of-the-evidence claims for corrections of errors at law. *State v. Crawford*, 974 N.W.2d 510, 516 (Iowa 2022). The jury's verdict is binding if supported by substantial evidence. *State v. Slaughter*, 3 N.W.3d 540, 546 (Iowa 2024). Evidence is substantial if it "would convince a rational fact finder the defendant is guilty beyond a reasonable doubt." *Crawford*, 974 N.W.2d at 516 (citation omitted). "We consider all evidence, not just the evidence supporting the conviction, and view the evidence in the light most favorable to the State, 'including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *State v. Ernst*, 954 N.W.2d 50, 54 (Iowa 2021) (citation omitted).

## III. Analysis

Palmer raises two issues. First, he asserts the State did not offer sufficient evidence to prove the identity element for any of his offenses. Second, Palmer contends that the State provided insufficient evidence to prove his constructive possession of marijuana and methamphetamine.

### A. Identity

"Identity is an element of a criminal offense which the State must prove beyond a reasonable doubt." *State v. Jensen*, 216 N.W.2d 369, 374 (Iowa 1974). Palmer maintains that Deputy Hoschek's testimony was not enough to convince a

---

[1] Palmer agreed to a pretrial stipulation that he had been convicted of several felonies.

rational jury beyond a reasonable doubt that he was driving the Envoy. He also argues that the dashcam footage contradicts the deputy's identification because the driver is not in view. Finally, Palmer asserts that the State did not link him to the Envoy because he was not the registered owner, he was not seen leaving the vehicle, and none of his personal belongings were left inside the vehicle. We disagree.

Considering all the evidence, a rational jury could find beyond a reasonable doubt that Palmer was driving the Envoy. Deputy Hoschek testified that Palmer was the driver and identified him at trial. *See State v. Croft*, No. 18-1197, 2019 WL 1932541, at *1 (Iowa Ct. App. May 1, 2019) (crediting officers' identification testimony). It was for the jury to accept or reject his testimony. *State v. Brimmer*, 983 N.W.2d 247, 256 (Iowa 2022). Hoschek testified that he was familiar with Palmer before the day of the chase. And the deputy recognized Palmer's vehicle. Contrary to Palmer's arguments, the dashcam footage confirms Hoschek's testimony that the driver was out of sight by the time he signaled for the traffic stop. Hoschek's testimony that he recognized Palmer while driving parallel to the Envoy and the license plates registered under Palmer's name support the deputy's identification. *See State v. Brown*, 5 N.W.3d 611, 616 (Iowa 2024) (finding sufficient proof of identity where officer saw driver's face during pursuit and evidence connected defendant to vehicle). Although Palmer may not have been the Envoy's registered owner, a jury could infer his connection to the vehicle because the attached license plates were registered in his name. Thus, substantial evidence supported the jury finding that Palmer was the driver who fled from Deputy Hoschek.

## B. Constructive Possession

Palmer next claims that there was insufficient evidence to establish he knowingly possessed either marijuana or methamphetamine. Possession can be actual or constructive. *State v. Carter*, 696 N.W.2d 31, 38 (Iowa 2005). As the court instructed Palmer's jury, actual possession is established when a person has direct physical control of something; constructive possession is established through knowledge of the item's presence and the authority to control it. *See id.* at 38–39 ("Actual possession occurs when the controlled substance is found on the defendant's person. Constructive possession occurs when the defendant has knowledge of the presence of the controlled substance and has the authority or right to maintain control of it." (citation omitted)). The State's case rested on Palmer's constructive possession of both drugs. Constructive possession relies on inferences and "turns on the peculiar facts of each case." *Brown*, 5 N.W.3d at 616 (citation omitted).

First off, Palmer claims that the State did not prove he had exclusive possession of the vehicle. To the contrary, the jury could have inferred that no one else was inside the Envoy based on the short time from the end of the pursuit until the deputies found the vehicle—hood still warm—parked behind a shed.

In determining constructive possession, we look for circumstances linking the defendant to the drugs. *See State v. Kemp*, 688 N.W.2d 785, 789 (Iowa 2004). Those factors include incriminating statements by the defendant, incriminating actions upon discovery of drugs among or near the defendant's belongings, and the defendant's fingerprints on the drug packaging. *Id.* If a vehicle is involved, we also consider whether the contraband was in plain view; whether it was with the

defendant's personal effects; whether it was next to the defendant or on the same side of the vehicle; whether the defendant owned the vehicle; and whether the defendant engaged in suspicious activity. *Id.* These non-exclusive factors guide our determination of whether the State established constructive possession. *Id.*

Granted, some of these factors weigh in Palmer's favor. He was not present for the discovery of the contraband—so he made no incriminating statements. And the deputies did not test the drug packaging for fingerprints. Neither did the deputies identify any of the items they found in the Envoy as Palmer's personal effects. Rather, Deputy Hoschek acknowledged that the Envoy was "a pretty messy" vehicle, with garbage strewn on the floorboard. But these factors are not dispositive. *See State v. Dewitt*, 811 N.W.2d 460, 475 (Iowa 2012).

Other circumstances support Palmer's constructive possession. *See State v. Maxwell*, 743 N.W.2d 185, 194 (Iowa 2008) (requiring court to "determine whether all of the facts and circumstances create a reasonable inference that the person knew of the presence of the controlled substance and had control and dominion over it"). Palmer was the driver and only occupant of the Envoy just before it was parked. The deputies detected the odor of marijuana coming from the parked vehicle, and that smell would have been obvious to the driver. Beyond the odor, from behind the wheel, Palmer could have seen the marijuana on the driver's side floorboard. And while the methamphetamine was near the center console on the passenger's side, it was still accessible to the driver. The search also revealed smoking pipes inside the vehicle. And although he was not the registered owner of the Envoy, the vehicle's license plate was registered to Palmer.

Finally, Palmer's evasive actions support a finding of constructive possession. *See Carter*, 696 N.W.2d at 40–41. After Deputy Hoschek activated his lights and siren, Palmer ignored traffic signs and drove well over the speed limit in a residential area to evade law enforcement. Given these circumstances, the jury could reasonably infer that Palmer constructively possessed the drugs discovered in the Envoy. Finding sufficient evidence to support both the identification of Palmer as the fleeing driver and his constructive possession of the drugs found in the vehicle, we affirm the jury's guilty verdicts.

**AFFIRMED.**